SAMUEL M. VAUCLAIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18488. Promulgated June 11, 1929.

*Henry Gross, Esq., Clement B. Wood, Esq.,* and *William R. Spofford, Esq.,* for the petitioner.
*Brice Toole, Esq.,* for the respondent.

# 1008

### OPINION.

MARQUETTE: The sales involved herein took place prior to the effective date of the Revenue Act of 1921, and if they were bona fide the petitioner is entitled to deduct in computing his net income for 1921 the amount of the resulting loss, even though they were made with the intention of establishing such loss. *Pennsylvania Company for Insurance on Lives and Granting Annuities,* 2 B. T. A. 48; *Benjamin T. Britt,* 2 B. T. A. 53; *Harold B. Clark,* 2 B. T. A. 555.

We are satisfied from the evidence that the sales in question were bona fide made, that the petitioner sustained a loss thereon in the amount of $82,265.89, and that he is entitled to deduct that amount from gross income for 1921. It is true that the petitioner purchased the same amount of stock that he sold, and that at the close of each day's transaction was the owner of the same number of shares as at the beginning, but that fact does not reflect on the petitioner's good faith or affect the validity of the sale. The sales and purchases were not on any day made to and from the same broker, and when the petitioner's stock was sold he took the risk of not being able to buy back the same amount at the same or a lower price. That he was able to do so was due to the skill of the broker who handled the transactions on the floor of the Exchange.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*